# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**EVELYN MARTINEZ,**

        **Plaintiff,**

**-vs-**                                                **Case No. 6:07-cv-1528-Orl-28DAB**

**KJC ENTERPRISES,**

        **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **AMENDED MOTION TO REQUIRE PLAINTIFF TO POST BOND BEFORE PROCEEDING WITH LITIGATION (Doc. No. 15)**
>
> **FILED:** February 5, 2008
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Defendant moves the Court to Order Plaintiff, appearing *pro se,* to file a $5000.00 bond in order to proceed with this litigation, citing Fla. Stat. § 68.093 and *May v. Maas,* 2005 WL 2298296 (11th Cir. 2005). Plaintiff has filed a response (Doc. No. 16), asserting the justness of her cause, her due process right to proceed with the litigation, and referencing her limited financial circumstances. As Defendant has failed to set forth sufficient grounds to justify the relief sought, the motion is **denied.**

Defendant contends that Plaintiff is a vexatious litigant, within the meaning of the *state* law, and that a *federal* court is therefore justified in imposing a bond as a condition to her prosecution of this case. Admittedly, Plaintiff is no stranger to this Court. As pointed out by Defendant, she has filed at least eight cases in this district[1] and numerous cases in the Southern District and other state and federal courts. Mere litigiousness, however, does not equate to vexatiousness.[2] While Plaintiff has filed numerous actions against various defendants, to the Court's knowledge, she has filed only one action against *this* Defendant. Nor has Defendant provided any basis to presume, at this point in the case and on the record presented, that this suit is without any merit or was brought for an improper purpose. Rather, Defendant contends that application of the state law regarding vexatious litigants should control here. The Court is not persuaded.

> The relevant portions of Florida Statutes § 68.093 provide:
>
> In any action pending in any court of this state, including actions governed by the Florida Small Claims Rules, any defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security. The motion shall be based on the grounds, and supported by a showing, that the plaintiff is a vexatious litigant and is not reasonably likely to prevail on the merits of the action against the moving defendant.

Fla. Stat. § 68.093(3)(a).

> 2) As used in section, the term:
>
> (a) "Action" means a civil action governed by the Florida Rules of Civil Procedure and proceedings governed by the Florida Probate Rules, but does not include actions concerning family law matters governed by the Florida Family Law Rules of Procedure or any action in which the Florida Small Claims Rules apply.

---

[1] In addition to the cases cited by Defendant, Plaintiff has also filed *Martinez v. Central Florida Dry Cleaning*, Case No. 6:04cv1499-ACC-DAB (dismissed by joint stipulation); and *Martinez v. Petro Services, Inc.,* 3:07cv723-HLA-HTS (pending).

[2] In this district alone, for example, Microsoft Corporation has filed dozens of infringement cases.

Fla. Stat. § 68.093(2)(a).

As is clear by its terms, the statute applies to any action governed by the Florida Rules of Civil Procedure or Florida Probate Rules. This is not such an action. Rather, Plaintiff has filed suit in federal court, pursuant to the Federal Rules of Civil Procedure, alleging employment discrimination under federal law, specifically Title VII of the Civil Rights Act of 1964 (Doc. No. 1). The Florida Vexatious Litigant Law is inapplicable here.[3] Moreover, based solely on the record as it currently exists, the Court cannot find that Plaintiff is necessarily "unlikely to prevail" on the merits of this claim, as required by the statute. She has asserted a cognizable cause of action, as evidenced by the fact that Defendant answered the Complaint and did not move to dismiss it for failure to state a claim, and, as noted above, the record does not presently compel a finding of frivolousness.

Nor is the Court persuaded that federal law warrants the relief sought. While Defendant correctly notes that "federal courts have the power to manage their dockets and curb vexatious litigation,"*citing Martin-Trigona v. Shaw*, 986 F. 2d 1384 (11th Cir. 1993) and *Copeland v. Green*, 949 F.2d 390 (11th Cir.1991), these cases dealt with pre-filing screening restrictions on litigious plaintiffs; not, as requested here, the imposition of a $5,000.00 bond as a pre-requisite for going forward in the case. While bonds are not unheard of in appropriate situations[4], even if the Court were to review the instant Complaint as a pre-filing restriction, it would not find that the action merited the

---

[3]The Court observes that the Order of Florida Circuit Court Judge Richard Graham relied upon by Defendant, and attached to the Request for Judicial Notice (Doc. No. 12-2), does not purport to apply to federal court proceedings, but restricts new pro se actions "in the courts of the Seventh Judicial Circuit."

[4]Defendant's reliance on *May v. Maas,* 2005 WL 2298296 (11th Cir. 2005) is not wholly persuasive here, as that case dealt with whether a district court had authority to dismiss a case on contempt grounds where a clearly vexatious litigant did not comply with prior orders requiring him to seek leave of court and post a contempt bond prior to filing any new suit in that court. Here, no such order exists with respect to federal court proceedings, and the issue is whether it is appropriate for this Court to establish one.

posting of a bond. Notably, the vast majority of Plaintiff's prior cases cited by Defendant involved Plaintiff attempting to proceed in this Court *in forma pauperis.* Here, however, Plaintiff has paid her filing fee. As noted, there is no indication that the suit was brought for improper purposes or to harass Defendant, and to the extent Defendant's motion is based on a perceived lack of factual support for her allegations, Defendant has not established that the existing federal rules and authority (such as Rules 11 and Rule 54, or the statutory provisions and case law regarding attorney's fees for prevailing defendants in civil rights cases) are insufficient to redress any perceived lack of foundation to the claim.

To be clear, the Court is *not* passing on the merits of the claim, and Plaintiff is advised that the Court will not hesitate to impose appropriate sanctions and/or to dismiss the claim, if circumstances warrant, upon an appropriately supported motion. Rather, the Court finds only that at this juncture, there is no basis in fact or law to require Plaintiff to post a bond prior to going forward with her claim.[5] The motion is **denied.**

**DONE** and **ORDERED** in Orlando, Florida on February 20, 2008.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[5] Although not necessary to resolution of the motion, the Court also notes that the amount chosen appears to be arbitrary. As Plaintiff has stated that she cannot afford such a bond, the relief sought would effectively preclude her from litigating her claim – a result no doubt desired by Defendant, but unwarranted here.